# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
_____

JOHN E. PATTERSON,
      Plaintiff,

v.                                                                           Case No. 14-C-1557

TRIANGLE TOOL CORPORATION,
      Defendant.
_____

## DECISION AND ORDER

In this case, John Patterson alleges claims for employment discrimination against his former employer, Triangle Tool Corporation. On June 22, 2016, I issued a decision on Triangle's motion for summary judgment. I granted the motion as to some of Patterson's claims, but denied it as to others. In that decision, I also noted that Patterson had attempted to raise new discrimination claims in his brief in opposition to the motion for summary judgment. Those claims arose out of events that occurred after Patterson filed his complaint. In my decision on the motion, I determined that these new claims were not part of this suit because the plaintiff had not sought leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). After I issued my decision on the motion for summary judgment, Patterson filed a motion to file a supplemental complaint that included the new claims. Triangle then filed its own motion in opposition to the plaintiff's motion. This motion is really a brief in opposition to the plaintiff's motion to file a supplemental complaint, and I will construe it as such. For the reasons explained below, the plaintiff's motion to file a supplemental complaint will be denied.

1

Patterson's original complaint alleged claims for age and disability discrimination, along with claims for retaliation for using leave protected by the Family and Medical Leave Act ("FMLA") and for utilizing benefits under a health plan subject to the Employee Retirement Income Security Act ("ERISA"). The alleged adverse employment actions were Triangle's failure to give Patterson pay raises at various times between 1992 and February 2013, and its decision to lay Patterson off in February 2013. The original complaint was filed on December 16, 2014.

The claims that Patterson seeks to raise in his proposed supplemental complaint are claims for disability discrimination. Patterson alleges that, in March 2013, after Triangle had laid him off, he had back surgery. In October 2014, Triangle recalled him to work. Thereafter, Patterson's doctor restricted him from lifting more than 10 pounds, and Patterson provided notice of this restriction to Triangle. Patterson alleges that after receiving notice of the restriction, Triangle still required him to lift more than 10 pounds. Patterson alleges that, in March 2015, Triangle laid him off a second time, telling him that it could not accommodate his lifting restriction. In May 2015, Triangle converted Patterson's layoff to a full termination. Patterson contends that, by refusing to accommodate his lifting restriction and eventually terminating his employment, Triangle violated the Americans with Disabilities Act ("ADA").

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In the present case, Triangle argues that I should not allow Patterson to proceed on the claims alleged in the supplemental complaint because the claims are destined to fail, as the plaintiff has not filed a charge of discrimination concerning those claims with either the

Wisconsin Equal Rights Division ("ERD") or the Equal Employment Opportunity Commission ("EEOC"). *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that leave to amend a pleading should be denied when the amendment would be futile).

The ADA adopts the enforcement procedures governing Title VII actions, including the filing procedures and timing requirements. *See* 42 U.S.C. § 12117(a); *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 574 (7th Cir. 1998). As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge. *Cheek v. W. & So. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning of the conduct about which the employee complains. *Id.* Nevertheless, because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint. *Id.* The test for determining whether an EEOC charge encompasses the claims in a complaint grants the Title VII plaintiff significant leeway: all Title VII claims set forth in a complaint are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations. *Id.* This test is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Id.*

In the present case, Patterson filed a charge of discrimination with the ERD, which was cross-filed with the EEOC, on March 13, 2013. *See* Decl. of John Patterson Ex. B, ECF No. 39-2. In the charge, Patterson checked the boxes for age and disability

discrimination. The charge identified Patterson's disability as a "heart condition," and it alleged that the discrimination occurred between January 9, 2013 and February 11, 2013. Patterson attached to the charge a narrative statement of the conduct constituting the discrimination. That statement alleged that Patterson suffered from a heart condition that also affected his lungs, and that these conditions required him to take intermittent absences from work for medical treatment. The statement further alleged that, in February 2013, Triangle terminated Patterson because of his age and also because "of a perceived disability related to ongoing treatments for respiratory and cardiovascular conditions." *Id.* at p. 4 of 4. The EEOC issued Patterson a notice of right to sue in connection with this charge on November 24, 2014. Patterson did not file a second charge with either the ERD or the EEOC following his second layoff and termination in March and May 2015.

Triangle argues that Patterson's new claims are not related to the facts alleged in Patterson's 2013 charge, and that therefore Patterson's failure to file a new charge is fatal to those claims. Patterson has not responded to this argument, either by filing a brief in opposition to Triangle's "motion" in opposition to the motion to supplement, or by filing a reply brief in support of his motion to supplement. Thus, I consider Patterson to have conceded that granting him leave to supplement his complaint to add the new claims would be futile because of his failure to file a second charge of discrimination. Alternatively, I consider Patterson to have waived the argument that the new claims are not barred due to his failure to file a second charge of discrimination concerning those claims. *See, e.g., Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 381 F.3d 717, 728 (7th Cir. 2004) (an argument not properly presented to the district court is waived).

Moreover, in the absence of any counterargument from Patterson, it appears to me that Patterson's failure to file a new charge of discrimination concerning his new claims is fatal to those claims. The new claims are not reasonably related to the events described in the existing charge. The claims in the charge asserted age discrimination and disability discrimination. The disability-discrimination claim alleged that Triangle refused to accommodate, and eventually terminated him because of, his heart condition, which required him to take intermittent absences. Although the claims in the supplemental complaint also allege disability discrimination, they involve a different disability (Patterson's back condition) and a different accommodation (Patterson's 10-pound lifting restriction). The claims in the charge involve a different time period (January–February 2013) than the claims in the supplemental complaint (late 2014 to May 2015). And the claims in the charge involve a different adverse employment action (the February 2013 layoff) than the supplemental complaint (the March 2015 layoff and May 2015 termination). Thus, there is no reasonable relationship between the allegations in the charge and the claims in the supplemental complaint. *See Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726–27 (7th Cir. 2003) (finding that claims were not within scope of charge where claims involved a separate set of incidents, conduct, and people, and a different time period, than charge); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) (recognizing that a failure-to-rehire claim is not reasonably related to a previously filed EEOC charge alleging a discriminatory termination because two independent employment decisions cannot be reasonably related to one another); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989), superseded by statute on other grounds (finding that claims were not within scope of charge where charge pertained to an earlier time period and a different form of discrimination).

5

Because the claims in the supplemental complaint are not within the scope of the EEOC charge, those claims would have to be dismissed for failure to exhaust administrative remedies.  Granting Patterson leave to file the supplemental complaint would therefore be futile.  Accordingly, his motion for such leave will be denied.

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to file a supplemental complaint and for reconsideration of my summary-judgment decision is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion in opposition to the plaintiff's motion to file a supplemental complaint is **DENIED** as unnecessary.  As noted, I have treated the defendant's motion as a brief in opposition to the plaintiff's motion.

**FINALLY, IT IS ORDERED** that a telephonic status conference will be held on **October 12, 2016 at 11:30 a.m.** for the purpose of scheduling further proceedings on the plaintiff's remaining claims.  Counsel should call 414/297-1285 to provide contact information.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge